Reese, J.
delivered the opinion of the court.
The question for our decision arises upon the effect of the evidence given on the trial of the cause by two of the witnesses for the defendant in the court below, and upon the. charge of the court as to that evidence. The testimony of both these witnesses was in substance that the defendant, Norment, asked plaintiff if he had determined what he would charge him for his services, who replied in the negative. The defendant asked the plaintiff if it was not their contract that for the first year the plaintiff should make his wages as low as possible, seeing that defendant was at every expense and received no profit during that year, and that after the factory went into operation the defendant was to pay the plaintiff according to the profits; that to this statement the plaintiff assented. The plaintiff then proposed that he should be paid a dollar per day during the time he had been engaged in constructing and superintending the factory. Defendant having made a calculation of the amount, assented to the offer with apparent reluctance; upon which plaintiff receded from his offer except as to the first year of his services, and. claimed five hundred dollars a year for the balance of the *324 time daring which he continued in the service of the defendant,
As to the effect of the testimony quoted above, it is insisted here for the benefit of the defendant in the court below: first, that it constituted plaintiff and defendant partners in the factory to be built, the one contributing capital, the other labor and skill; secondly, or at the least, that it amounted to a special contract and agreement, which should have been set forth in the declaration as the ground of the plaintiff’s action, who should not have been permitted to recover upon the common count for a quantum meruit.
As to the first position: that the plaintiff was the hireling apd not the partner of the defendant, is apparent from the conversation of the parties, as proved by those two witnesses, and from all the testimony in the cause. As to the second position, that the agreement was special, we are of opinion that the conversation of the parties, as proved by those two witnesses, does not establish a special agreement. His wages were to be as low as possible for the first year, and after that according to the profits, that is, considering that during the first year, by the increasing expenses without the reception of profit, the means of the defendant would be limited, he would expect the plaintiff to be low in his charges, and after thatthe plaintiff might expect his liberality to increase as the reception of profit might improve his means. Here is no special or fixed or ascertainable rate of compensation. How low are the wages to be for the first year? So low as the plaintiff can reasonably afford to work. How high afterwards? So high as the plaintiff can reasonably afford to pay. How low would the circumstanoes of the plaintiff justify him in working? How high would those of the defendant justify him in paying? It is obvious that these constitute proper subjects of inquiry for the jury. The conversation proved, therefore, does not amount to a special agreement, but was only an inducement to the agreement. The legal rule, therefore, and the only one under the circumstances controlling the measure of the plaintiff’s compensation, is that which, in the absence of a special agreement, directs that for his work and labor he shall receive what, from *325 its nature and value, he reasonably merits. It is obvious, in this view of the case, that the error of the circuit judge, if any, in the statement of the proof and in the rule of compensation by him deduced from it, was an error of which the plaintiff below might complain, but of which the plaintiff here cannot. The rule prescribed by the circuit court to the jury, that from the contract proved, the plaintiff would be entitled to low wages during the first year, and to reasonable wages afterwards, cannot be complained of by the defendant below, either as to the assumption of fact upon which the rule was based or as to the rule itself. Of both, perhaps, the plaintiff below might have complained, for the evidence would have authorized a verdict for a larger amount.
Let the judgment be affirmed.